## Pennock *v.* West, Appellant.

*Promissory notes—Notice—Waiver—Indorser.*

Where a promissory note is made payable at the place of business of the indorser of the note, and on the day when the note is payable, the indorser receives at his place of business an uncertified check of a third person in the exact amount due on the note, and the indorser knows that such check was sent to pay the note, he cannot after he has applied the check to the payment of another account due by the maker, claim that he was released as an indorser from liability on the note because proper demand and notice had not been made upon him. In such a case by accepting funds for the payment of a note payable at his own place of business, he joined in an arrangement whereby he was the maker's representative for payment to the holder, and consequently was not entitled to notice.

Argued Oct. 23, 1912. Appeal, No. 38, Oct. T., 1912, by defendant, from order of C. P. No. 5, Phila. Co., April T., 1910, No. 3,135, dismissing exceptions to report of the referee in case of Davis Pennock v. James M. West. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit by the holder against the indorser of a promissory note.

E. Spencer Miller, Esq., the referee, reported as follows:

The action was one of assumpsit by Davis Pennock, the holder of a note of which a copy follows, against James M. West, who appears as an indorser thereon.

"$920.34                                            No. 1492.

Market Street Title and Trust Co.

Philada., Dec. 15, 1909.

"Four months after date I promise to pay to the order of Davis Pennock, Nine hundred twenty and 34-100 dollars, at 1332 Walnut St., Phila. Without defalcation for value received.

"No.                          Due 4–15–1910.

"W. Stevens Harding."

(Endorsements):
    Davis Pennock.
    James M. West.

W. Stevens Harding desired to negotiate a note in $920.34, and Davis Pennock was willing to take it provided a satisfactory indorser was obtained. James M. West was induced to indorse the note, by way of accommodation, upon the assurance of Harding, who was an employee of the Blackstaff Engineering Company, of which company West was treasurer, that J. McAlpin Harding, father of W. Stevens Harding, would pay the note on maturity. West therefore signed as indorser and Pennock took the note. When its maturity was close at hand, W. Stevens Harding advised West by telegraph that his father, J. McAlpin Harding, would remit the amount for payment. This Harding, Senior, did, his check reaching West not later than the date when the note was due. The note was payable by its terms, at West's place of business, viz., No. 1332 Walnut street. Apparently this controversy owes its existence to the fact that the notary appears to have erred through not making demand upon West. West turned the check over to the Blackstaff Engineering Company for application on account of indebtedness to it of W. Stevens Harding, the maker of the note. Harding refusing to make a second payment, and Pennock having failed to get his money, the latter brought this suit against the indorser West as such.

The body of the facts presented was small, but enough, according to the referee's conception, to present the points involved in the case as seen by counsel for both parties. The referee submits the following findings, pursuant to discussion of the evidence relevant to the subject-matter thereof, respectively.

It was informally agreed by counsel, and the trend of the testimony indicated that all parties to the note intended defendant to be under liability as if his indorsement had been prior to the taking of the note by Pennock.

1. The normal effect of the order of names on the back of the note, was modified by agreement of the maker and two indorsers, at the time of and as an in-

ducement to the taking of the note by the plaintiff, one of the indorsers, who is the present holder. (His indorsement appears to have been made for collection through a bank.) The purport of the agreement was that West, the defendant here, though his indorsement was written beneath that of Pennock, the plaintiff, should be liable on the note as a prior indorser.

There was no material conflict of testimony as to the other incidents of the intercourse between the parties. Harding, the maker, testified that he asked West, the indorser and defendant here, to so accommodate him, giving the assurance that his father would pay the note, and that on this assurance West indorsed. West states that Harding said he had a contract at Cape May and desired the accommodation. West did not say that Harding had not said in addition what the latter states to have been expressed as to the inducement. Under the informal conditions of the reference a finding based upon this consideration might appear strained. Fortunately the material point now under discussion, can be determined upon another basis in the evidence. The father of Harding, the maker, did in fact pay to West the amount of the note, this remittance, which was made by check through the mail, having been announced in advance by a telegram from the maker, in the terms "Have asked father to mail you check to take up note due April fourteenth in favor of Davis Pennock made payable at your office." His father did mail a check in the exact amount of the note, which appears to have been received by West on the due date of the note. The accompanying letter from the maker's father, made no different appropriation of the payment, merely referring to the son's direction in explanation of the remittance.

2. For the payment of this note to the holder, according to the mention of place of payment, contained therein, the maker being himself absent in Florida or Georgia, caused to be remitted to the indorser, whose office the note specified for payment, the amount thereof.

The evidence as to Mr. West's use of the check, needs no discussion.

3. West accepted the check and, having caused it to be collected, attempted to appropriate its proceeds, against the direction specified by the payer, by using it to partially repay certain indebtedness of Harding, the maker of the note, as a result of other dealings, to the Blackstaff Engineering Company, of which West was an officer. The manner of so doing was by indorsing over the check to the Blackstaff Engineering Co., and depositing it to that company's account at bank.

The notary who was employed to protest the note, and give notice to the indorser, certified that he had made demand of the Market Street Title and Trust Co. The note specified 1332 Walnut street, which was the office of the Blackstaff Engineering Company and of James M. West, the defendant, its treasurer, as the place of payment. In order to correct his certificate the notary was called as a witness. He testified, in effect, that he thought a clerk in his office had made use, by mistake, in this case, of one of his protest forms on which the name of the Market Street Title and Trust Co. had been filled in with a stamp, this case being such that one of the forms having the place for location of demand unfilled, should have been used, permitting him or his clerk to write in when making up the certificate of protest, the particular place where, according to the specification in the note, demand was made. When stating what were his actual steps when he undertook to perform his official duties in making demand and giving notice as to this note, the notary began by saying that he had no recollection of the matter except what his books showed. Afterward it appeared that he did remember certain circumstances in one case, and he thought it was this one apparently, because he remembered it occurred in connection with the case of a maker whom he failed altogether to find, and this case was one of the few where he had been ultimately unable to find the maker. The

incidents which the notary was thus led to believe occurred in the course of making demand and giving notice on this note, were that on inquiry at the place of payment named he had not found the maker or indorser, but had been referred to another building a few doors away, and that on going to the latter place he had been told that the parties were absent but would communicate with him by phone. The referee believes that this testimony is much too flimsy. No doubt if the notary's testimony had been plain, certain and convincing, it could have been given the effect of setting aside the incorrect certificate. But the testimony was not satisfactory in any of these respects. It fell far short of convincing that the incidents related, which were fugitive, except for the uncertain connection which the witness attributed to them, with this note and the official entries upon the certificate of protest and on his notarial record, occurred in relation to this obligation. The testimony might have some weight if used as corroboration. It should not, the referee believes, be given effect to overcome the formal certificate and to make out proper demand and notice. The universal practice, under the law merchant, calls for a certain, well-understood method of certifying such official acts. A substitute resting in memory, and so irregular as that tendered in this case, should not, the referee thinks, be accepted.

4. It does not appear that either demand upon the maker or notice to the indorser was given.

The foregoing seem to be the only facts which the referee has occasion to find.

The facts in this case present the question whether such circumstances as are found in this case, permit of recovery against the indorser, in the absence of demand or notice.

It is well settled that a payer is entitled to declare the appropriation of his payment, and if it is accepted with knowledge of the appropriation stated, the payment takes effect accordingly, notwithstanding any different wishes of the payee: Patterson v. Van Loon, 186 Pa. 367.

### CONCLUSIONS OF LAW.

The payment of the amount of the note to West, was an appropriation of the amount for the purpose of paying it to the holder.

In an action not based upon the indorsement, and where demand and notice are not pleaded, the plaintiff might recover, it would seem. The funds remitted to West, having been intrusted to him for payment of the note, and accepted with knowledge of the appropriation, probably West would be liable in an action based upon acceptance of the money under such circumstances: System Co. v. Lycoming Foundry & Machine Co., 46 Pa. Superior Ct. 499.

But it is a well-settled principle that when a suit is brought against an indorser of a note, and an averment is duly made of demand and notice, the plaintiff will be held very closely to actual proof of demand and notice: 8 Cyc. 198; Baumgardner v. Reeves, 35 Pa. 250; 2 Greenleaf on Ev., sec. 197.

Waiver of notice may be shown, however, under an averment of notice: Baumgardner v. Reeves, 35 Pa. 250, 255; Armstrong v. Chadwick, 127 Mass. 156; 2 Greenleaf on Ev., sec. 197.

The question of this case would seem to be, therefore, whether the evidence disclosed a waiver of notice.

It is abundantly clear that West was not entitled to notice. By accepting funds for the payment of a note payable at his own place of business, he joined in an arrangement whereby he was the maker's representative for payment to the holder. He certainly did not need to be informed that the payment would not be made otherwise than by a process in which he was a factor. He himself was trustee for the holder of the amount remitted at the instance of the maker and committed to him for the payment of the note. The law would presume even in a case where the presumption would be

144          PENNOCK *v.* WEST, Appellant.

Statement of Facts—Opinion of the Court.   [52 Pa. Superior Ct.

more strenuous than it is here, that the payment by the maker to West was, in part at least, for the benefit of the holder.   An intent to fulfill an obligation will commonly be presumed: Pomeroy's Equity Jurisprudence.

In the referee's opinion the principle governing the case is sufficiently ruled by the case of Alldred's Estate (No. 1), 229 Pa. 627, and cases cited therein: 2 Greenleaf on Evidence, secs. 190 and 195; Richter v. Selin, 8 S. & R. 425, 438.

It is true that the negotiable instrument law (Act of May 16, 1901, P. L. 194), prescribes by sec. 70, "except as herein otherwise provided, presentment for payment is necessary in order to charge the drawer and indorser." But sec. 82 of the same act provides, "Presentment for payment is dispensed with . . . . By waiver of presentment, express or implied."

2. West accepted a deposit from the maker, with which to pay, as the maker's representative, the note on presentation at his place of business, the place fixed by the terms of the instrument for payment, and thereby waived presentment and notice of dishonor.

The referee therefore makes award in favor of plaintiff in the sum of $920.34, with interest from April 15, 1910, and costs.

*Errors assigned* were in dismissing exceptions to referee's report.

*Walter Biddle Saul,* for appellant.

*Wm. Meharg Lilly,* with him *J. H. Brinton,* for appellee.

Per Curiam, November 18, 1912:

The assignments of error are overruled, and the judgment is affirmed upon the findings and conclusions of the learned referee.